OPINION
BY THE COURT:
The only assignment of error having in it any substance is that the verdict and judgment of the lower court are manifestly against the weight of the evidence. Because of this fact we have read every page of the record covering the evidence taken, excepting only the evidence of the physicians and hospital attendant as to the nature and extent of appellee’s injuries.
With considerable reluctance we announce our inevitable conclusion that the judgment of the lower court must be reversed as being manifestly against the weight of the evidence. We say “with reluctance” because the claim of this elderly hard-working woman who had sustained such serious injuries naturally makes an appeal to the court as it certainly must have made to the jury which rendered the verdict.
The street car in question was so constructed that passengers boarding it entered at the front and passengers leaving it dismounted in the center. When the car was stopped and the door at the center opened to permit passengers to alight, the car could not be started by the motorman or otherwise until the door in the middle was closed.
Numerous witnesses testified that when the car came to a stop the center door was opened and a number of passengers alighted. The testimony is overwhelming that the plaintiff was injured while this center door was open and that the car did not start unil after the alighting passengers had all left the car, the plaintiff had been taken to a nearby store and the operators of the car had returned to it. As to these propositions, the testimony of the plaintiff stands unsupported and in contradiction to the other evidence.
Much is made of conflicts in other evidence but the conflicts are as to immaterial matters and natural after the passing of the years, with the lapse of memory which would ensue.
Again it is to be noted that the position of the plaintiff when she hit the ground, as testified to by herself, as well as the other witnesses, is consistent with falling rather than with being thrown from or by a moving car. Notice is to be had also of her statements made at the hospital and to the policeman who saw her while in the store.
The judgment is reversed and cause remanded for further proceedings according to law.
LEMERT, PJ., MONTGOMERY, J., SHERICK, J., concur.